FILED
SUPERIOR COURT
OF GUAM

2019 APR -2 AM 9: 16

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0598-18 |
| vs. | DECISION AND ORDER |
| PAUL OPENA EVARISTO, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Paul Opena Evaristo's ("Defendant") Motion for Civil Compromise, filed February 22, 2019. Assistant Public Defender Jocelyn M. Roden represents Defendant, and Assistant Attorney General Brendlynn O. Joseph represents the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On December 8, 2018, Defendant was charged with Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). (Magistrate's Compl., Dec. 8, 2018). These charges stem from allegations that Defendant came home drunk and when asked to go to bed, became aggressive and hit his mother on her face. (Decl. of Brycen Breazeale, Magistrate's Compl., Dec. 8, 2018). When Guam Police Department Officers arrived on the scene, they observed Defendant being held down by his brother. *Id.*

On February 22, 2018, Defendant filed the instant Motion, moving the Court to dismiss the above captioned matter for civil compromise pursuant to 8 G.C.A. § 80.90. On March 8,

2018, the Government filed its Opposition. No Reply was filed. On March 25, 2019, the Motion for Civil Compromise was taken under advisement pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam.

## DISCUSSION

Defendant moves the Court to dismiss this matter because he and the alleged victim have reached a civil compromise under 8 G.C.A. § 80.90. *See generally*, Mot. Civil Compromise, Feb. 22, 2019. A Declaration of Anita L. Santos, the alleged victim, filed in support of the Motion, states that Ms. Santos understands that she may have a remedy by civil action as a result of Defendant's actions and acknowledges that she has "received satisfaction for the injury" and does "not object to dismissal of this case by way of the Civil Compromise statute." (Decl. of Anita L. Toves, Feb. 22, 2019).

The Government opposes dismissal under the civil compromise statute because "it is difficult to determine whether or not the Victim actually received satisfaction for the injury" and that "crimes of family violence are not generally the type of which adequate satisfaction can be readily shown." (Opp'n at 2, Mar. 8, 2019).

Under Guam law:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90. Section 80.90 does not explicitly state that the statute is inapplicable to crimes of family violence, however, civil compromise is typically limited to cases involving monetary restitution for property damages. California law, which served as the basis for Guam's civil compromise statute, excludes family violence offenses from its civil compromise

statute. *See* 8 G.C.A. § 80.90, Note; Cal. Pen. Code §§ 1377, 1378. California Penal Code Section 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in section 1378, *except* when it is committed as follows:
>
>     (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
>
>     (b) Riotously.
>
>     (c) With an intent to commit a felony.
>
>     (d) In violation of any court order as described in Section 273.6 or 273.65.
>
>     (e) *By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.*
>
>     (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
>
>     (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).

The Court recognizes that unlike California, Guam did not enact the specific prohibition of family violence cases from the civil compromise statute. However, the rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim has actually received satisfaction for the injury, but because the prosecution of family violence cases is of interest to the public. Family violence cases frequently involve victims who, because of their status or relationship to the defendant, may be unduly influenced to civil compromise. Thus, civil compromise of family violence matters does not present "circumstances such that through private settlement the public is fully vindicated." *People v. Moulton*, 182 Cal. Rptr. 761, 768 (1982). The Court also acknowledges that certain findings were made by Dr. Juan Rapadas regarding the circumstances of the commission of the alleged offenses, but finds that dismissal through civil compromise is not the proper venue to address such findings. Therefore, the Court will not allow the matter to be dismissed under the civil compromise statute.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Civil Compromise. Further Proceedings are set for April 30, 2019 at 9:00 a.m.

**IT IS SO ORDERED** this 2nd day of April, 2019.



HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG & PDSC

Date: APR 0 2 2019    Time: 9:30 AM

*Cynthia T. Tiong*
Deputy Clerk, Superior Court of Guam

*People v. Evaristo*
Case No. CM0598-18
Decision and Order